UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ERIC R. GEORGE                              CIVIL ACTION

VERSUS                                      NO: 08-1521

REGIONS BANK                                SECTION: "J" (4)


## ORDER AND REASONS

Before the Court is Regions Bank's **Motion for Summary Judgment** (Rec. Doc. 56). Having considered the motions and legal memoranda, the record, and the law, the Court finds that Defendant's **Motion for Summary Judgment** (Rec. Doc. 56) is **GRANTED**.

## BACKGROUND

This case arises from an investment gone bad. In 2007 the plaintiff's business manager learned of a real estate investment opportunity being offered by Edwin White in connection with Michael B. Smuck and various of Smuck's other entities. (Rec. D. 71 Pl. Statement of Material Facts ¶ 2-3.) The opportunity was to invest in a limited partnership being formed for the purpose

1

of buying an apartment complex named Yellowstone Ranch. (Statement ¶ 2.) After reviewing a prospectus for the investment, plaintiff decided that he would invest $200,000. (Statement ¶ 2.) White instructed plaintiff to make a check in that amount payable to "MBS Yellowstone Ranch, Ltd." ("Yellowstone"). (Statement ¶ 3.) The plaintiff issued check number 634 from his personal account at Regions Bank payable to Yellowstone. (Statement ¶ 4.) When Yellowstone received the check it transferred the check to another of Smuck's real estate investment entities, MBS Realty Investors, Ltd. ("MBS Realty"). (Rec. D. 56 (9) Regions Mem. in Supp. Of Mot. For Summ. J. 3.) MBS Realty then endorsed the check "FOR DEPOSIT ONLY: MBS Realty Investors, Ltd." and deposited the check in the MBS Realty escrow account at Whitney Bank on August 30, 2007. (Mem. 4.) The check was presented to Regions and was paid by Regions on August 31, 2007. (Mem. 4.)

On October 27, 2007 the plaintiff's business manager was informed by White that the plaintiff's $200,000 investment had been misappropriated by Smuck.(Statement ¶ 5.) At that time the business manager reviewed the cancelled check and determined that it had been endorsed by MBS Realty, not Yellowstone. (Statement ¶ 6.) On November 6, 2007 the business manager went to Regions to

discuss the check and the misappropriation of the funds, and informed a Regions assistant manager, Richard Wilson, of the problem. (Statement ¶ 7.) At Wilson's suggestion, plaintiff submitted an affidavit to Regions with information about the check. (Statement ¶ 9.) Plaintiff's business manager requested that Regions reverse the payment on the check and refund plaintiff's account the $200,000.(Statement ¶ 10.) Based on the information provided by the business manager and the affidavit that the check had not been properly endorsed, Regions resubmitted the check to Whitney to obtain the funds. (Mem. 5.) Whitney did not return the funds, but instead obtained the proper endorsement on the check. (Mem. 5.) On January 8, 2008 Whitney returned the check to Regions with an endorsement reading "MBS-Yellowstone Ranch, LTD. PAY TO THE ORDER OF MBS REALTY INVESTORS, LTD." (Mem. 5) Whitney informed Regions that because the check now bore the proper endorsement it would not return the funds, and Regions informed the plaintiff that it would not credit his account for the amount of the check. (Mem. 5)

Both White and Smuck were partners in Yellowstone. (Rec. D. 56 (2) Smuck was also involved in various other real estate investment entities including MBS Realty. (Rec. D. 56. Ex. C) According to Smuck, the Yellowstone investments were to be made

initially in MBS Realty. (Mem. Note 7) As with most of Smuck's real estate investments, MBS Realty served as a depositary for the investor funds until the actual property was purchased. (Rec. D. 56. Ex. C) As a result the plaintiff's check was transferred from Yellowstone to MBS Realty. (Rec. D. 56. Ex. C) After White learned that Smuck had misappropriated the Yellowstone funds, White entered into an agreement with Smuck and several MBS entities in which Smuck admitted to misappropriating the Yellowstone funds and agreed to repay the money that was taken. (Mem. 4) The plaintiff has so far received $67,616.00 of his original $200,000 investment pursuant to this agreement.(Mem. 4)

The plaintiff filed this suit when Regions refused to refund the amount of the check. (Mem. 5) Subsequently, Regions asserted third party claims against Whitney National Bank, MBS Realty Investors, Ltd. And MBS Capital Planning Inc. (Mem. 5) The suit was removed to federal court in April of 2008. (Rec. D.1)

## **LEGAL STANDARDS**

**Summary Judgment**

Summary judgment is appropriate if "there is no

4

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

## DISCUSSION

### A. The Parties' Arguments

Defendant Regions moves for Summary judgment. Regions alleges that Plaintiff George fails to plead any negligence by Regions Bank for the following reasons.

Defendant first argues that it cannot be held liable for the loss since the check was properly endorsed from Yellowstone to MBS realty. Checks require endorsement for transfer. However, if a check is not negotiated for lack of endorsement after the tranferor and the transferee agreed on the transaction, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor. La. R.S. 10:3-203.

5

Initially, the transferee (MBS Realty) received the check without endorsement from Yellowstone (the payee). However, Regions returned the check to Whitney Bank noting the error. Whitney then obtained the necessary endorsement. Regions alleges that this was the proper course of action according to the Louisiana UCC and therefore it committed no negligence.

Defendant's second argument is that Regions cannot be held liable for any problems with the endorsements since the intended payee received the funds. Defendant contends that if the intended person receives the funds, regardless of any technical errors, there is no harm. <u>Stratton v. Equitable Bank's</u> 104 B.R. 713, 727 (D. Md. 1986), aff'd 912 F. 2d 464 (4th Circuit).[1] Since Smuck is the principal of MBS Realty and a general partner of Yellowstone, he was an intended payee. Defendant goes on to argue that Smuck would be able to transfer funds from one company to the other. Defendant suggests that Smuck would have accessed the funds even if the funds were deposited in Yellowstone. Therefore, the intended payee accessed the funds and there is no harm.

---

[1] Defendant argues that both Louisiana and the Fifth Circuit have adopted the rationale of <u>Stratton</u>. See <u>Quantum Supplies, Inc. V. Bank of the South,</u> 544 So. 2d 1, 5 (La App. 1st Cir. 1989) and <u>Perini Corp. V. First Nat'l Bank of Habersham County Georgia</u>, 553 F. 2d 398, 412 (5th Cir. 1977)

Defendant also contends that the UCC supercedes any negligence claim by the Plaintiff. Title 10 of the Louisiana Code, which adopts the UCC, purports to supercede any existing Louisiana Law. La. R.S. 10:1-103(b). Defendant argues that since other States have interpreted the adoption of the UCC to foreclose negligence claims with respect to check endorsements, Plaintiff should be precluded from bringing suit. See E.g Great Lakes Higher Educ. Corp. v. Austin Bank of Chicago, 837 F.Supp. 892. 896 (N.D. ILL, Oct. 28, 1993).

In the alternative, Defendant argues that Plaintiff cannot prove negligence. Defendant identifies the test for negligence in this action as containing four parts: (1) the conduct in question was a cause in fact of the resultant harm; (2) the defendant owed a duty to the plaintiff; (3) the duty owed was breached; and (4) the risk or harm caused was within the scope of the duty breached. Fox v. Bd. Supervisor of Louisiana State University, 576 So. 2d 978, 981 (La 1991). Defendant contends that since the loss claimed is not related to the endorsements, plaintiff cannot satisfy the first prong of the test. The cause of the harm derives from Smuck's fraud, not any negligence by the bank. Therefore the claim for negligence does not pass Summary Judgment

Plaintiff maintains that the check was improperly endorsed and Regions should be liable as the payer bank. Plaintiff argues that since the entity Yellowstone, which endorsed the check, was not properly formed at the time, the transaction was a fraud. Plaintiff cites no legal precedent to support this contention. Plaintiff also argues that Regions was made aware of the fraudulent appropriation of funds and proceeded to obtain the proper endorsements despite this knowledge.

Plaintiff also argues that defendant speculates when it hypothesizes that Mr. Smuck would have accessed the money if it had been deposited into the Yellowstone account. Plaintiff argues that since there is no proof that this would have occurred, Regions cannot contend that the check reached the proper recipient.

Defendant Regions responded with several arguments.

First, Regions argued that George wrote the check to Yellowstone aware that the entity did not formally exist. Under Louisiana law, if "the person identified as payee of an instrument is a fictitious person" then any endorsements in his name is effective "in favor of a person who, in good faith, pays

the instrument or takes it for value or for collection."La. R.S. 10:3-404. In this case, Regions argues that it had a good faith belief that Yellowstone constituted a formal entity and that its endorsements were valid.

Furthermore, Regions argues, Yellowstone was a properly constituted partnership under Louisiana law at the time of the transaction. Regions cites Johnson v. Antoine, 735 So 2d 856, 858 (La App. 5th Cir. 5/19/99) in which the court lays out a test for determining partnerships without written agreemen

> (1)the [parties] mutually agreed to form a partnership and to participate in the profits which would accrue from the business in determined portions; (2) that they agreed to share in the losses as well as the profits of the partnership; and (3) that the property or stock of the enterprise formed a community of goods in which each party has a proprietary interest.

Defendant argues that Smuck and White admit to meeting these criteria to form Yellowstone. (Rec. D. 56 (2).) Furthermore, the

Defendant argues that where entities outwardly project a partnership, third party reliance on that fact creates an effective partnership. Hartwick v. Hartley, 598, So. 2d 1241, 1242 ( La. App. 4th Cir. ) *rev'd on other grounds,* 604 So. 2d 957 (La. 1992). As a result, Regions' reliance on the partnership is sufficient to create an entity for the purposes of the endorsement.

Regions further argues that Plaintiff's reply memorandum fails to raise any genuine issue of material fact nor does Plaintiff cite any law which supports his position.

Finally, Regions argues that the harm to the Plaintiff comes from Smuck who has begun restitution to the plaintiff and accepts responsibility. Regions argues that because the check in question was not stolen or endorsed by an unauthorized party, no fault can lay with defendant.

**B. Analysis**

Plaintiff raises no issue of material fact. Instead, they raise issues of law which are not factually supported.

In Louisiana, banks are not liable for paying an endorsement where the person named on the check endorses it. La. R.S. 10:3-

404.² Louisiana law favors resting the duty to discover fraud with the drawer (La. R.S. 10:3-404 (Commentary 4)) as long as the Bank "exercise[s] ordinary care."La. R.S. 10:3-404 (d). Plaintiff does not allege that Regions did not take care. Instead Plaintiff argue that the fraudulent conveyance of the $200,000 at issue should have been prevented by the bank. However, Plaintiff fails to identify any legal duty to discover fraud. Furthermore, Plaintiff cites no law which would require that banks investigate endorsements in order to determine that the entity in question is not fictitious.

Plaintiff argues that Regions is liable since L.A. R.S. 10:3-206 governs the case. Section 3-206 says that depository banks are liable for checks deposited with fraudulent endorsements. However, as the defendant points out, there are two errors with this analysis. First, Regions is not the depository

---

²"(b) If ... the person identified as payee of an instrument is a fictitious person, the following rules apply until the instrument is negotiated by special endorsement:

(1) Any person in possession of the instrument is its holder.

(2) An endorsement by any person in the name of the payee stated in the instrument is effective as the endorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection."

*La. R.S. 10:3-404*

bank. Second, section 3-206 only applies when the endorsement is improper. In this case, the endorsement was properly executed. The fraud only occurred after the check was deposited.

One area of the facts does require pause. After Whitney Bank first returned the check to Regions in order for them to withdraw funds, Plaintiff swore an affidavit that the funds were being fraudulently transferred and that the endorsement was improper. At this point, Regions returned the check to Whitney. While the bank's admitted knowledge of the fraud raises eyebrows, Plaintiff makes no allegations that Defendant knowingly suborned the fraud committed by MBS Realty. Instead, it is uncontested that Whitney sought out the proper endorsements to rectify the improper transfer. Furthermore, as stated above, MBS Realty had an enforceable right to the endorsement from Yellowstone after the transfer was agreed upon by both parties. La. R.S. 10:3-203 ( c).

## CONCLUSION

Summary Judgment is appropriate where there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). The theories of liability promulgated by the plaintiff are without merit and there are no issues of material fact remaining. Accordingly,

**IT IS ORDERED** that defendant's Defendant's **Motion for**

**Summary Judgment** (Rec. Doc. 56) is **GRANTED.**

New Orleans, Louisiana, this 25th day of June, 2009.

                              CARL J. BARBIER
                              UNITED STATES DISTRICT JUDGE